AUSTIN GRAY, Appellant, *v.* LEWIS P. LOTT *et al.*, Appellees.

APPEAL FROM GRUNDY.

Where supervisors, on appeal, have the authority to review the order of the com‑ missioners of highways, and proceed regularly in the exercise of their jurisdiction- equity will not interfere to control their action.

THE bill in this case was dismissed by RANDALL, Judge, at December term, 1856, of the Grundy Circuit Court.

SEELY and BAUGHER, for Appellant.

S. W. HARRIS, for Appellees.

SKINNER, J. The bill in this case alleges that the commis- sioners of highways of Saratoga township, in Grundy county, vacated a part of a public road lying between the towns of Morris and Lisbon in said county; that Moore and Foord, neither of whom owned or was agent for the owner of any land over which the part of the road vacated runs, appealed from the order of the commissioners of highways to the respondents, three of the supervisors of Grundy county; that said supervisors, upon hearing the appeal, reversed the order of the commissioners of highways; and prays that the said supervisors be enjoined from executing, or entering of record their order of reversal.

The supervisors answered, admitting the allegations of the bill, but stating that Moore and Foord were owners of land upon and over which the road described runs, and imme- diately at one of the *termini* of that portion of the road vacated by the commissioners of highways.

The court upon bill and answer dissolved the injunction and dismissed the bill.

· The statute provides that, " The commissioners of high- ways may alter or discontinue any road, or lay out any new road," etc. And that, " Any person or persons, being owners or agents for any tract of land over which any highway, altered, discontinued or laid out shall run, feeling themselves aggrieved by any order made by the commissioners of high- ways, may appeal from the same," " to three of the super- visors of the county," etc. Statutes of 1856, pages 1162–64.

If the supervisors appealed to, had jurisdiction to review the order of the commissioners of highways, and proceeded regularly in the exercise of that jurisdiction, equity will not interfere with their determination, or control their action. *Frewin* v. *Lewis*, 4 Mylne and Craig R. 255; *Smith* v. *Bangs*, 15 Ill. R. 399.

Jurisdiction by appeal is clearly conferred by the statute, and the right of appeal evidently extends to those owning land over which *the road* sought to be altered or vacated runs. The object of the statute is to give those immediately affected, by the proposed change, opportunity of protecting and defending their interests, and for that purpose an appeal may be essential.

Those owning land over which *any portion* of the road sought to be altered or discontinued runs, may be directly and materially affected by the discontinuance of a portion of the road, and they are within the meaning of the provision giving appeals from orders of commissioners of highways.

*Decree affirmed.*